IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

LARRY K. VANWINKLE and
TRESA A. VANWINKLE,

        Plaintiffs,

vs.                                     Civ.No. 98-0052 WWD/DJS

TIM CAPPELLI and SHERRY CAPPELLI,
COLBYCO INDUSTRIES, L.L.C., a Texas
limited liability company, ATLANTIS
ENTERPRISES, INC., a Texas corporation and
ICHAUWAY MILLS, INC., a Texas corporation,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

      THIS MATTER comes before the Court upon a Motion to Dismiss For Failure to State a

Claim and Motion for More Definite Statement by Defendants Ichauway Mills, Inc. and Atlantis

Enterprises, Inc., ("Ichauway Defendants") filed March 5, 1998 [12-1]; and a Motion for More

Definite Statement by Defendants Tim Cappelli, Sherry Cappelli and Colbyco Industries, L.L.C.

("Cappelli Defendants"), filed March 30, 1998 [17-1].

      This is a patent infringement case.   According to the Complaint, Plaintiffs are in the

business of designing, developing and selling therapeutic pillows.   They own patents for two such

pillows and methods (the "Product").  Compl., ¶¶ 7,8.   Defendants compete with Plaintiffs as

manufacturers, distributors and sellers of "Accused Devices" and supply a variety of retail and

wholesale distributors   ¶ 10.   Both the Cappelli Defendants and the Ichauway Defendants seek an

Order pursuant to Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement.

The Ichauway Defendants also move the Court for dismissal under Rule 12(b)(6) for Plaintiffs'

third and fourth claims.

### *Motion for More Definite Statement*

Defendants present almost identical arguments with respect to the 12(e) motion, alleging

that the Complaint is too vague and ambiguous to allow them to frame a responsive pleading.

Defendants point to several areas of deficiency in the Complaint: that it does not distinguish among

the five Defendants either as to acts or actions which form the basis of Plaintiffs' allegations, or to

causes of action; and that it does not contain sufficiently specific facts or dates. The Complaint

contains four causes of action: patent infringement, mismarking, willfulness and "disparagement

and related claims."[1]

Rule 12(e) motions are generally disfavored in view of liberal federal discovery rules and

procedures available to all parties.  See Weiszmann v. Kirkland & Ellis, 732 F.Supp. 1540, 1549

(D.Colo. 1990) (citation omitted); Geir v. Educational Serv. Unit No. 16, 144 F.R.D. 680

(D.C.Neb. 1992); RTC v. Thomas, 837 F.Supp. 354, 356 (D.C.Kan. 1993).   Whether to grant a

motion for a more definite statement is a matter within the discretion of the trial court.  United

States v. Metro Dev. Corp., 61 F.R.D. 83, 85 (N.D.Ga.1973).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Mountain

View Pharmacy v. Abbot Laboratories, 630 F.2d 1383, 1386 (10th Cir. 1980).   What is "short and

plain" depends on the circumstances of the case.  Mountain View Pharmacy v. Abbot

---

[1]  In the second cause of action ("mismarking"), which is not at issue here, Plaintiffs allege
that Defendants continue to mismark the Accused Devices with words or numbers implying that
the Devices are patented.   Compl., ¶¶ 22, 23.

<u>Laboratories</u>, 630 F.2d 1383, 1386 (10th Cir. 1980).   The complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Id.</u>; <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).   I find that the Complaint provides the Cappelli Defendants with the required fair notice, but that allegations lack the requisite specificity to withstand the Ichauway Mills Defendants' Rule 12(e) motion.

*Ichauway Mills Defendants*

In a case with multiple defendants, the complaint should specify what conduct by each defendant gives rise to the asserted claim.   <u>Weiszmann v. Kirkland & Ellis</u>, 732 F.Supp. 1540, 1549 (D.Colo. 1990) (citation omitted).   However, the threshold is a minimal one.   It needs to be sufficiently clear so that defendants can respond.   See <u>RTC v. Gershman</u>, 829 F.Supp. 1095 (D.C. Mo. 1993).   The Complaint refers to the Ichauway Mills Defendants throughout only generically as "Defendants."   Although the Complaint states specific causes of action, it  includes no statement as to any acts or actions taken by these Defendants which could form the basis for any of the claims. <u>See</u>, <u>e.g.</u>, <u>Van Dyke Ford, Inc. et al v. Ford Motor Co. et al</u>, 399 F.Supp. 277, 284 (E.D.Wis. 1975) (12(e) motion granted where complaint alleged nothing specific against two defendants except for their existence); <u>Gen-Probe, Inc. v. Amoco Corp</u>, 926 F.Supp. 948, 960 (S.D.Cal. 1996) (12(b)(6) granted where complaint named defendants in "confusingly conclusory manner" failed to specify grounds for plaintiffs' belief that entities were infringed).[2]

Without knowing exactly what actions are alleged to infringe Plaintiffs' patents, the Ichauway Mills Defendants would be hard put to respond, or even to know what allegations to

---

[2]  This case, generously cited by both sets of Defendants, concerns a 12(b)(6) motion, and not a 12(e) motion.  For that reason, its usefulness is limited with regard to Defendants' motion for more definite statement.

deny.  See  RTC v. Thomas, 837 F.Supp. 354, 356 (D.C.Kan. 1993) (court should grant 12(e)

motion only when party is unable to determine the issues he must respond to); Wright & Miller,

Fed. Prac. & Proc., § 1376, at 578 (1990) ("complaint must not be so vague and ambiguous that

opposing party cannot respond, even with a simple denial. . ." ).  These circumstances are

appropriate for granting a 12(e) motion.  Plaintiffs will have the opportunity to amend the

Complaint to include actions of the Ichauway Mills Defendants which form the basis for each of

their allegations.  See Classic Communications, Inc. v. Rural Telephone Serv. Co., 956 F.Supp.

910 (D.C.Kan. 1997) (plaintiff should have opportunity to amend complaint containing insufficient

information rather than dismissing it).

*Cappelli Defendants*

        In contrast, while it is certainly not a model in legal drafting technique, the Complaint does

meet the Rule 8(a) minimum notice requirements with respect to the Cappelli Defendants.

Paragraph 11 in the Complaint describes the license agreement which was then terminated.

Paragraph 12 describes infringing actions: ". . . that despite termination of the License Agreement,

[the Cappelli Defendants] continue to make, use and sell Product, and continue to mark such

Product with false, misleading and erroneous patent markings, without any authority from

Plaintiffs."

        Elsewhere in the Complaint, Plaintiffs group all Defendants together in all four counts.

Nevertheless, it is clear that the Cappelli Defendants, as a subset of the Defendants, are included in

these allegations under each cause of action.  Rule 12(e) motions are intended to correct

unintelligibility, not claimed lack of detail.  See RTC v. Gershman, 829 F.Supp. 1095, 1103

(D.C.Mo. 1993); Thunder Basin, 156 F.R.D. 665, 666 (D.C. Wyo. 1994).  Given the assertions in

4

¶¶ 11 and 12 of the Complaint, the Cappelli Defendants have sufficient notice of  the issues and allegations in order to be able to respond.  See RTC v. Gershman, 829 F.Supp. at 1103 (motion for more definite statement denied where plaintiff asserted all of its allegations against all ten defendants without distinguishing between them); cmp. Mountain View at 1387 (dismissal proper where complaint failed to allege any specific act but was a merely recital of relevant anti-trust laws and plaintiffs were allowed to amend twice); Jackson Nat. Life Ins. Co. v. Gofen & Glossberg, Inc., 882 F.Supp. 713 (D.C.Ill. 1994) (more definite statement needed in contract dispute where defendant must guess to what conduct and contracts plaintiff referred).

*"Inconsistent pleading"*

Both sets of Defendants argue that the Complaint alleges inconsistent patent claims.  This argument holds no merit, either on its legal footing or in its application to the present case.  First, Rule 8(e) permits pleading in the alternative.   See Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir.1985) ("in light of the liberal pleading policy embodied in Rule 8(e)(2). . .  a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case").  Second, liability can exist for both contributory and direct infringement.  See Preemption Devices, Inc. v. Minnesota Mining & Manufacturing Co., 803 F.2d 1170, 1174 (Fed.Cir. 1986).  Here, even though the allegations are directed against all Defendants, the Complaint sufficiently sets out allegations for both contributory and direct infringement separately as to each patent,  ¶¶ 17, 18, 19, 20.

*Relevant Dates*

Both sets of Defendants contend that the Complaint fails to provide relevant dates.     Dates are necessary only to the point that Defendants have fair notice of the claims made.  My finding

above as to the Ichauway Mills Defendants may render a finding concerning sufficient dates premature for these Defendants.  However, more specific dates as to the Cappelli Defendants are not necessary.  Rule 8(a) requirements generally do not change from case to case.  Mountain View at 1386 (citing New Home Appliance Center v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957)).  A patent infringement action does not require details on the "respects in which defendant has infringed the patent. . . ."  Wright & Miller, Fed. Prac. & Proc., § 1366 at 614 (1990); cmp., e.g., Fed.R.Civ.P. 9(b) ("circumstances constituting fraud and mistake shall be made specifically and with particularity"); Rose v. Kinevan, 115 F.R.D. 250, 251 n.1 (D.Colo. 1987) (more specific dates necessary where complaint consisting of eleven claims spanned thirteen-year period and numerous individual defendants); Van Dyke, 399 F.Supp. at 284 (nature and dates of agreements were proper subject of Rule 12(e) motion where suit involved various plaintiffs and defendants and breach of promise).

    Neither do any of the Defendants suggest a statute of limitations question, which could arguably require more detailed pleading in order to allow Defendants to adequately respond with threshold affirmative defenses.  Here, it is a non-issue: in fact, the Complaint was filed in January 1998, the license agreement was terminated in September 1996 and Plaintiffs describe the alleged infringements as continuing.  Compl., ¶¶ 11, 12; cmp., FDIC v. Mintz, 816 F.Supp. 1541 (complaint required more definite statement of negligence charges which dated back nearly ten years and may be barred by statute of limitations).

    In sum, despite the fact that the Complaint hovers "on the line," it meets the minimum requirements giving at least the Cappelli Defendants a generalized statement of the facts from which they can form a responsive pleading.  See Mountain View at 1386.  Further factual

development may yet be fleshed out during the early stages of the case and through relatively

inexpensive discovery devices, such as required disclosures under Rule 26 and a well-crafted,

narrowly-tailored set of interrogatories.  See United States of America v. Metro Development

Corp, 61 F.R.D. 83, 87 (N.D. Ga. 1973) (Rule 12(e) is designed to remedy unintelligibility and not

to uncover evidentiary matter as a substitute for the discovery process).

### *Motion to Dismiss - Third Cause of Action*

The Ichauway Mills Defendants are correct that the third cause of action for "willfullness"

does not constitute a separate count or cause of action, but rather refers to the nature of relief the

Court may award in its discretion.  See Lam, Inc. v. Johns- Manville Corp., 668 F.2d 462 (10th

Cir.), cert. denied, 102 S.Ct. 2298 (1982) (Attorney fees may be awarded for either willful

infringement or for assertion of sham or frivolous defenses that increase significantly the patent

holder's legal expenses through unduly protracted litigation); 35 U.S.C. § 285.[3]  Plaintiffs are not

precluded from seeking such damages, but the Complaint should be amended so that these damages

are requested in proper form.[4]

I view the matter as a merely technical pleading deficiency which Plaintiffs should be given

an opportunity to correct.  Emery v. American Gen'l Finance, Inc., 71 F.3d 1343, 1348 (7th Cir.

1995).  Therefore, even though the Cappelli Defendants have not raised this issue, I find that the

third cause of action in the complaint should be dismissed for failure to state a claim with regard to

---

[3]  Defendants incorrectly cite to the statute as " 35 U.S.C. § 85."  Ichauway Mills Defts'
Mem. at 2.

[4]  Par. 26 in the third "cause of action" of the Complaint states that "[t]he aforementioned
acts of Defendants were and continue to be deliberate, intentional, and demonstrate a total absence
of good faith."

7

the Cappelli Defendants as well as the Ichauway Mills Defendants.

***Motion to Dismiss - Fourth Cause of Action***

The Ichauway Mills Defendants also seek dismissal under 12(b)(6) of Plaintiffs' fourth

cause of action for disparagement and related claims because it is preempted by federal patent law.

Federal courts have exclusive jurisdiction over actions "arising under" patent laws.   Bonito Boats,

Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 162 (1989); Ausherman v. Stump et al., 643 F.2d

715, 717 (10th Cir. 1981);  28 U.S.C. § 1338(a).   However, the fact that a particular item lies

within the subject matter of the federal patent laws does not necessarily preclude the States from

offering limited protection which does not impermissibly interfere with the federal patent scheme.

Bonito Boats at 165.  Thus, Plaintiffs' claims in the fourth cause of action are preempted by federal

patent law if they are not qualitatively different from their patent infringement claims.  See Summit

Machine Tool Manufacturing Corp., v. Victor CNC Systems, Inc., 7 F.3d 1434, 1439 (9th Cir.

1993) (describing preemption analysis as a determination whether the state law contains an element

not shared by the federal law).

Plaintiffs' fourth cause of action alleges disparagement of Plaintiffs' goods,

misappropriation of Plaintiffs' advertising ideas and style of doing business, and infringement of

title and property rights.  Compl., ¶¶ 16-20.   Plaintiffs' claims of disparagement and

misappropriation do not contain any elements which change the nature of the action such that it

does not lie within the "field of regulation which the patent laws have reserved to Congress,"

thereby avoiding preemption by federal law.   Bonito Boats at 142 (states may place limited

regulations on the exploitation of unpatented ideas to prevent consumer confusion as to source or

the tortious appropriation of trade secrets); Summit at 1441(citing examples of claims containing

the "requisite extra element," such as breach of fiduciary duty or "reverse palming off"); cmp.,

Ausherman v. Stump et al., 643 F.2d 715, 717 (10th Cir. 1981) (action not preempted by federal

patent law where it alleged that plaintiff was defrauded into signing agreements assigning patents to

his company because it was grounded in contract and not patent law even though contract

concerned a patent right).

    Plaintiffs have not offered, nor do I see, any facts which could serve as the basis for any

claims which are not simply reformulations of patent infringement claims.  See Nagle Industries,

Inc. v. Ford Motor Co., 173 F.R.D. 448, 455 (E.D.Mich. 1997) (patentee's common-law

misappropriation claim alleging that manufacturer stole and copied patented invention as well as

time, effort, and talent that went into creating and developing invention, was preempted by federal

patent law).   Instead, plaintiffs devote a good part of the response brief arguing why Bonito does

not apply to this case because it dealt with an unpatented product.   It is an attempt which ends up

arguing a distinction without a difference.  Bonito Boats acknowledged that "[t]o a limited extent,

federal patent laws must determine not only what is protected, but also what is free for all to use."[5]

489 U.S. at 143, 151.  Thus, the fact that Bonito Boats addressed the effect of federal patent laws

on an unpatented product does not diminish the applicability of its discussion on the general

principles underlying federal preemption to cases involving products which *are* protected.

Similarly, the discussion of these same principles set out in Summit is no less applicable simply

because the case specifically addressed a claim brought under the Lanham Act.  Summit, 7 F.3d at

---

    [5]  In Bonito Boats, the Supreme Court held that a Florida statute prohibiting use of the
direct molding process to duplicate unpatented boat hulls conflicts with strong federal policy
favoring free competition in ideas not meriting patent protection, and thus is preempted by federal
patent laws.  At 151.

1439. [6]

Plaintiffs allege that Defendants continue to make, use and sell the therapeutic pillows under an agreement which had provided for a royalty to be paid to Plaintiffs even after the agreement was terminated.   They seek protection for rights which are found within the federal patent law scheme. See Nagle Industries, 173 F.R.D. at 456 (quoting Summit at 1440) ("[i]f copying the [patented invention] . . . in itself infringes the state-created right, then the state-created right is preempted"); Summit, 7 F.3d at 1439, 1441 (state laws aimed at protection of exploitation or copying of product's design are preempted by federal intellectual property law). Plaintiffs' individual claims for disparagement of plaintiffs' goods and infringement of property rights fall squarely within the nature of a patent infringement action.   Bonito Boats, 489 U.S. at 149 & 165 (federal patent scheme creates "limited opportunity to obtain a property right in an idea" and to "copy and to use" that idea).   The claim for misappropriation of plaintiffs' style of doing business, because it is based exclusively on the alleged misappropriation of a patented idea, also "plainly implicate[s]" federal patent law.   St. Paul Fire & Marine Ins. Co. v. Advanced Interventional System, Inc., 824 F.Supp. 583, 585 n.3 (E.D.Va. 1993); see also Novell, Inc. v. Fed. Insurance Co., 1998 WL 171569 (10th Cir. (Utah) (citing numerous cases comparing misappropriation of style of doing business with trade dress infringement, including cases which suggest that the two are different based on the added element of source confusion required in a

_____

[6]  The purpose of the Lanham Act is to prevent individuals "from misleading the public by placing their competitor's work forward as their own." See 15 U.S.C.A. § 1125(a); Summit, 7 F.3d at 1439 (internal quotations omitted).   In Summit, the Ninth Circuit noted that providing protection under the Lanham Act for a lathe design would be "tantamount to giving Summit's designs patent protection that they have not acquired and may not be able to acquire." Id.;   see Bonito Boats at 164-65.

trade dress claim).  Accordingly, the claims in plaintiffs' fourth cause of action should be dismissed as preempted by federal patent law.

I have not overlooked the fact that the Cappelli Defendants do not seek to dismiss the fourth cause of action, but rather include it in their general Rule 12(e) request for additional facts. In this situation, the Cappelli Defendants will profit in the dismissal resulting from the Ichauway Mills Defendants' motion because the matter is jurisdictional and cannot be waived.  Equal Employment Opportunity Comm'n v. Fed'l Labor Relations Authority et al., 476 U.S. 19, 26 (1986); Schmeling v. Nordam, 97 F.3d 1336, 1339 (10th Cir. 1996) (Court must address jurisdictional issue although not raised by party, so as not to exceed the statutory scope of jurisdiction).   Now, Therefore,

**IT IS ORDERED** that the Motion to Dismiss For Failure to State a Claim and Motion for More Definite Statement by Defendants Ichauway Mills, Inc. and Atlantis Enterprises, Inc. **[12-1]** is hereby **granted in part** as described above;

**IT IS FURTHER ORDERED** that the Motion for More Definite Statement by Defendants Tim Cappelli, Sherry Cappelli and Colbyco Industries, L.L.C. **[17-1]** is hereby **denied**;

**IT IS FURTHER ORDERED** that the Third and Fourth Causes of Action in Plaintiffs' Complaint are hereby dismissed with prejudice;

**IT IS FINALLY ORDERED** that Plaintiffs have until July 1, 1998 in which to amend the Complaint, guided by the above findings.

_____
UNITED STATES MAGISTRATE JUDGE

11