IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY K. VANWINKLE and
TRESA A. VANWINKLE,

      Plaintiffs,

vs.                                                        Civ.No. 98-0052 WWD/DJS

TIM CAPPELLI and SHERRY CAPPELLI,
COLBYCO INDUSTRIES, L.L.C., a Texas
limited liability company, ATLANTIS
ENTERPRISES, INC., a Texas corporation and
ICHAUWAY MILLS, INC., a Texas corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Tim Cappelli's Motion to Dismiss Plaintiffs' Fraudulent Conveyance Count **[105-1]**, or in the Alternative, To Bifurcate, filed December 28, 1998 **[105-2]**. In this patent infringement case, Defendant contends that this Court lacks jurisdiction under 28 U.S.C. § 1367 to entertain the fraudulent conveyance count added by Plaintiffs in their Second Amended Complaint. In the alternative, Defendant urges the Court to bifurcate and stay the count for later trial because the fraudulent conveyance claim is only relevant if Plaintiffs prevail on liability and are entitled to damages.

*Supplemental Jurisdiction*

Federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire

action before the court comprises just one constitutional case." Gold v. Local 7 United Food & Commercial Workers Union, Local 7, 159 F.3d 1307, 1310 (10th Cir. 1998) (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 118 U.S.Ct. 523 (1997). The exercise of supplemental jurisdiction is discretionary. Gold at 1310.

The success of Plaintiffs' fraudulent conveyance claim rides on the adjudicative outcome on the operative facts of Plaintiffs' federal claims. In fact, Defendant concedes as much as a basis to its alternative request of bifurcation. Mem. Brf. at 7. The claim proceeds only if and after it is determined that Defendant infringed Plaintiffs' patent rights under federal law. See Second Amended Compl., § 49.[1] The situation in the present case is unlike that in the case relied on by Defendant, Trilithic, Inc. v. Wavetek U.S. Inc., 6 F.Supp.2d 803 (S.D.Ind. 1998), where success of the breach of contract claim did not depend on the success of the patent infringement claim.[2] Accordingly, I find the operative facts of the fraudulent conveyance claim sufficiently related to the federal claims (patent infringement and mismarking) to conclude that this Court has supplemental jurisdiction over Plaintiffs' fraudulent conveyance claim. Cmp. e.g., American Safety Table Co. v. Schreiber & Goldberg, Inc., et al, 320 F.Supp. 603, 604 (S.D.N.Y.

---

[1] Par. 49 reads: "[that] profits from the *sale of infringing products* were transferred to other legal entities and trusts to avoid payment of damages *for patent infringement as alleged in the complaint*" (emphasis added).

[2] Trilithic is not only unpersuasive, but leans more toward Plaintiffs' position because of the reasoning used by the court. In Trilithic, the allegation of breach was based on a non-disclosure agreement entered into by the parties when a merger was previously being considered. The Trilithic court found that the facts underlying the merger were not related in any way (in fact, the merger effort may be seen as antithetical) to the patent infringement claim that arose after the merger idea had been abandoned. Defendant's efforts to distinguish cases cited by Plaintiffs from the facts before me have not convinced me that the fraudulent conveyance claim is "an entirely separate and distinct factual and legal inquiry than the federal patent infringement suit." Reply at 6.

1970)(court was vested with ancillary jurisdiction over proceedings by judgment creditor to enforce that judgment against defendants, who allegedly participated in a transfer of assets in fraud of judgment creditor); 3D Systems, Inc. v. Aarotech Laboratories, Inc., et al., 160 F.3d 1373 (D.C. Cir. 1998) (state law trade libel action arose out of related facts to patent infringement claims because resolution of a substantial question of federal patent law was "significant factor" in determining libel issue).  This conclusion is bolstered by the provision in the Federal Rules of Civil Procedure which allows for the joinder of a fraudulent conveyance claim to another claim where the former is "cognizable only after another claim has been prosecuted to a conclusion." Fed.R.Civ.P. 18(b).

 Defendant alternatively argues that the fraudulent conveyance claim cannot proceed without certain unnamed Cappelli Defendants ("trusts and other entities"), Second Amended Compl., ¶ 49, because these other entities have an interest in the fraudulently conveyed property and therefore should be joined as necessary parties under Fed.R.Civ.P.19.  At the end of this argument is Defendant's contention that the claim should be dismissed under Rule 19(b) because Plaintiffs have failed to assert sufficient facts for the Court to obtain personal jurisdiction over these indispensable parties.  This argument fails because Plaintiffs' claims of fraudulent conveyance are brought against Cappelli and not these unnamed entities.  At the heart of the fraudulent conveyance claim is the allegation that Cappelli himself created these entities for the purpose of secreting money from creditors, and that Cappelli is the "alter ego" of each of these entities.  See Second Amended Compl., ¶ 52; and p. 11 ("Prayer for Relief," ¶ I."  Therefore, the inequities sought to be avoided within the provisions in Rule 19(a) do not apply here, as long as Cappelli is a party.  Fed.Civ.P.19(a)(1).

It makes little sense for Plaintiffs to file a separate lawsuit in order to proceed against Defendant for damages should they prevail on their federal claims. Weighing the factors of "judicial economy, convenience, fairness and comity," I find that this Court has jurisdiction over Plaintiffs' fraudulent conveyance claim against Defendant. Int'l College of Surgeons, 118 S.Ct. at 533), cited in Gold at 1310 (other citations omitted).

*Bifurcation*

Under Fed.R.Civ.P. 42(b), the Court has broad discretion in deciding whether to sever issues for trial. Eastridge Development Co. v. Halpert Assoc., Inc., 853 F.2d 772, 781 (10th Cir. 1988). A district court will look at whether separate trials will further the parties' convenience, avoid delay and prejudice, or be conducive to the expedition of litigation and judicial economy. Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc., 707 F. Supp. 1429 (D. Del. 1989). Defendant's claims of prejudice are unfounded because not only are the facts underlying Plaintiffs' claims sufficiently similar to be presented in a single trial, but also Plaintiffs would be entitled to damages where Defendant's profits can be considered, contrary to Defendant's contentions. See Rite-Hite Corp.v. Kelly Co., 56 F.3d 1538 (Fed.Cir.), cert. denied, 116 S.Ct. 184 (1995).[3] Bifurcation under Rule 42(b) should not be ordered routinely unless it is clearly necessary. See Marshall v. Overhead Door Co., 131 F.R.D. 94 (E.D. Pa. 1990). In this case, it is not. Having all of Plaintiffs' claims heard together in one suit would allow the parties to proceed on all related issues without delay or inconvenience to either side.

---

[3] Double recovery would prevent an accounting of an infringer's profits being used to calculate a plaintiff's lost profits *in addition to* an amount the infringer must disgorge. However, an infringer's profits may be considered in estimating plaintiff's damages. Kori Corp. v. Wilco Marsh Buggies & Draglines, Inc., 761 F.2d 649 (Fed.Cir. 1985); see Mem.Brf. at 3, n.4..

4

**WHEREFORE,**

**IT IS ORDERED** that Defendant Tim Cappelli's Motion to Dismiss Plaintiffs' Fraudulent Conveyance Count **[105-1]** or in the Alternative, to Bifurcate **[105-2]**, is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE