IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY K. VANWINKLE and
TRESA A. VANWINKLE,

      Plaintiffs,

vs.                                                               Civ.No. 98-0052 WWD/DJS ACE

TIM CAPPELLI and SHERRY CAPPELLI,
COLBYCO INDUSTRIES, L.L.C., a Texas
limited liability company, ATLANTIS
ENTERPRISES, INC., a Texas corporation and
ICHAUWAY MILLS, INC., a Texas corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiffs' Motion to Enforce Partial Settlement Agreement, filed April 24, 2001 (Doc.172).  In this patent infringement lawsuit, Plaintiffs seek to enforce a provision in the Partial Settlement Agreement which was entered into by the parties and which Plaintiffs contend contains a waiver of defenses, including personal jurisdiction.   The agreement was negotiated at a settlement conference conducted before the Hon. Robert J. DeGiacomo and notice of the agreement filed with the Court on April 16, 1999 (Doc. 149).[1]

---

[1] The present motion is specifically directed to Defendant Cappelli Industries, Ltd. ("Cappelli Industries" or "Defendant").  Cappelli Industries notes in a footnote to the response that co-defendant Ichauway Mills, Inc. ("Ichauway Mills") has indicated its intention to challenge the enforceability of the settlement agreement.  Resp. at 2, n.1.   Also, Exhibit D to Plaintiffs' brief is a letter dated April 5, 2001 by Ichauway's counsel recognizing that any construction of the settlement agreement would "clearly have a bearing on [Ichauway]."   However, on May 15, 2001, a Stipulated Order was filed with the Court, indicating in part that Plaintiffs' Motion to Enforce Settlement against Ichauway is dismissed with prejudice.  (Doc.186. ¶ 5).

The pertinent provision of the settlement agreement reads:

If a Reexamination Certificate confirming the patentability of Claim I, for the '086 patent (as it currently exists) is issued by the United States Patent and Trademark Office, or if a Certificate of Reexamination is issued [wherein Claim I is altered or amended in any way], and in either case, it is thereafter determined by Judge Deaton that the Defendants' products infringe on the confirmed or amended claim(s), each of the Defendants waive each and every defense and counterclaim as stated in the pleadings **(including the jurisdictional defense made by Cappelli Industries)** and any defense that may be raised in the future regarding infringement and invalidity of the '086 patent . . . .

Ex. A at 2.

Cappelli Industries argues that it retains the right to assert the defense of personal jurisdiction because all of the preconditions in the provision, viz., a determination on the question of infringement, have not been met.  In addition, Defendant reminds the Court that the provisions concern only the '086 patent and not the '278 patent.  See Resp. at 3 ("If the Court finds that Defendant Cappelli Industries does not infringe the '086 patent, Cappelli Industries has not waived its personal jurisdiction challenge with regard to Plaintiffs' claims under the '278 patent).  This is a curious "pick and choose" method of asserting a jurisdictional defense, and is legally unacceptable.  Nor is this premise supported by even the wildest construction of the agreement's provisions.  The fact that this case involves two patents has no bearing on the more general question of whether personal jurisdiction has been waived, either by terms of the agreement (the inartful drafting of which has complicated rather than streamlined the litigation process in this case), or by conduct of the parties (which is what has occurred here).  The Court's finding concerning personal jurisdiction for claims relating to one of the patents will be binding on those claims relating to the other.  See Bel-Ray Co., Inc. v. Chemrite Ltd., 181 F.3d 435, 443

(3rd Cir. 1999) (citing <u>Adam v. Saenger</u>, 303 U.S. 59 (1938) (where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter)); see <u>Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Manuf. Co</u>., 2000 WL 147392 (unpubl. opin) (10th Cir. Utah).

  Plaintiffs point out, and I agree, that Defendant's interpretation is a "win - good chance to still win" proposition for Cappelli Industries.  Cappelli Industries filed a motion to dismiss on jurisdictional grounds (Doc. 181) two years after the parties entered into the partial settlement agreement.   Under Defendant's construction of the agreement provision that no waiver of jurisdiction takes effect until and unless infringement is decided, there is no need at all for a waiver in the event no infringement is found, since Cappelli Industries would prevail on the merits of Plaintiffs' claim.  On other hand, even if the Court ultimately rules there was infringement, Cappelli Industries has up until trial to count on its motion to dismiss on jurisdictional grounds as a way out of having to honor the terms of the agreement relating to the waiver.   In other words, a ruling favorable to Cappelli Industries on its motion to dismiss anytime before a determination is made by the Court on the issue of infringement would render moot any intention by Defendant to waive the jurisdictional defense under any circumstance, *even if all the asserted preconditions as viewed by Defendant are met*.

  I find that the disputed provision in the partial settlement agreement is moot for a different reason, described in more detail in my Order on Cappelli Industries' Motion to Dismiss for Lack of Jurisdiction (Doc. 181) which will be entered contemporaneously with the Order on the present motion to enforce and in which I conclude that Cappelli Industries has indicated by its conduct an intention to submit to the jurisdiction of this Court.   The parties are referred to the discussion in

that Order as a basis for my ruling here.   I also find that Defendant's reading of the disputed provision makes no sense in light of Cappelli Industries' motion to dismiss and if one assumes that the parties negotiated the agreement in good faith.  Therefore, I find that the partial settlement agreement should be enforced.

Accordingly, I find that Cappelli Industries has waived its personal jurisdiction defense and is ordered  to answer Plaintiffs' Second Amended Complaint.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiffs' Motion to Enforce Partial Settlement Agreement (Doc.172) is GRANTED for reasons set forth above.

_____
UNITED STATES MAGISTRATE JUDGE