IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LARRY K. VANWINKLE and
TRESA A. VANWINKLE,

      Plaintiffs,

vs.                                                                                  Civ.No. 98-0052 WWD/DJS ACE

TIM CAPPELLI and SHERRY CAPPELLI,
COLBYCO INDUSTRIES, L.L.C., a Texas
limited liability company, ATLANTIS
ENTERPRISES, INC., a Texas corporation and
ICHAUWAY MILLS, INC., a Texas corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Personal Jurisdiction, filed by Defendant Cappelli Industries, Ltd. ("Cappelli") on May 7, 2001 **(Doc. 181)**. Cappelli's assertion of the jurisdictional defenses rests on the contention that its business contacts with New Mexico are insufficient to satisfy due process requirements. Plaintiffs point to the provisions of a Partial Settlement Agreement ("settlement agreement" or "agreement") entered into by the parties in which Cappelli has waived the defense. The agreement was negotiated at a settlement conference conducted before the Hon. Robert J. DeGiacomo and notice of the agreement filed with the Court on April 16, 1999 (Doc. 149, also attached to Response as Exhibit E). The pertinent provision of the settlement agreement reads:

> If a Reexamination Certificate confirming the patentability of Claim I, for the '086 patent (as it currently exists) is issued by the United States Patent and Trademark Office, or if a Certificate of Reexamination is issued [wherein Claim I is altered or amended in any way], and in either case, it is thereafter determined by Judge Deaton that the Defendants' products infringe on the confirmed or amended

>claim(s), each of the Defendants waive each and every defense and counterclaim as stated in the pleadings **(including the jurisdictional defense made by Cappelli Industries)** and any defense that may be raised in the future regarding infringement and invalidity of the '086 patent . . . .

Resp., Ex. E at 2 (emphasis added).

The "constitutional touchstone" of the determination whether an exercise of personal jurisdiction comports with due process is whether the defendant purposefully established minimum contacts in the forum state, such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). However, parties can waive lack of personal jurisdiction. See,Wright & A. Miller, Federal Practice and Procedure, § 1351 at 564 (1969); Travelers Indemnity Corp. v. Calvert Fire Ins. Co. et al., 798 F.2d 826, 834 (5th Cir. 1986). After considering the parties' briefs and applicable law, I conclude that Defendant has waived the defense.

*Effect of Settlement Agreement as Waiver*

The Patent Reexamination should have had some effect on the process of the litigation of this protracted and hotly contested case. According to Defendant's interpretation of the above provision in the agreement -- which envisioned the completion of the Reexamination -- all of the preconditions to a jurisdictional defense waiver have not yet been met, which means that Cappelli may continue to assert the defense. However, the question of infringement is not decided until trial. See Resp., Ex. E at 3, ¶ 4. Thus, under Defendant's reading of the agreement, Cappelli left the settlement table with the same defenses it came with, including the jurisdictional defense, notwithstanding the illusion of waiver in the settlement provision.

Plaintiffs also view the present motion to dismiss as evidence of Cappelli's bad faith in entering the agreement, since discovery on the issue relevant to Defendant's business contacts with New Mexico was obviated by both parties' willingness to negotiate a settlement agreement. For example, discovery depositions did not go forward because the terms of the settlement agreement appeared to render the jurisdictional defense issue moot. I have no intention to divine here what the parties' intentions were concerning a waiver of the jurisdictional defense, except to determine that the presence of "doublespeak" in the provision's language leads to a finding that the Defendant has waived the defense under its terms.

*Conduct of Defendant - Participation in Litigation*

In the absence of a motion to dismiss, a party's "continued participation in litigation is inconsistent with an assertion of lack of personal jurisdiction." Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 59 (2d Cir. 1999). Cappelli did file a motion to dismiss, pursuant to Fed.R.Proc. 12(b)(2). However, even where the requirements of Rule 12 are met, a defendant may waive a jurisdictional defense in other ways, e.g., by actively litigating the lawsuit. Peterson et al v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998); U.S. v. Ziegler Bolt and Parts Co., 111 F.3d 878, 882 (Fed.Cir. 1997).

Cappelli has waived a defense of personal jurisdiction in just this manner. Three months *prior* to the assertion of the jurisdictional defense in this motion to dismiss, Cappelli filed a joinder in a motion for summary judgment on computation of damages filed by co-defendant Ichauway Mills, Inc. (Docs. 161, 182).[1] Cappelli filed joinders in two other motions filed by Ichauway

---

[1] Defendant Tim Cappelli filed an Answer to the Second Amended Complaint (Doc. 97), but Cappelli Industries has not.

3

Mills on June 1, 2001 and June 5, 2001, seeking exclusion of Plaintiffs' expert testimony (Docs.195, 208; 198, 207, respectively).   In addition, Cappelli filed a response to Plaintiffs' motion to enforce the settlement agreement (Docs. 172 183), and a response to Plaintiffs' motion to quash (Docs. 184, 191).  This affirmative conduct demonstrates an intention to submit to the jurisdiction of this Court and a clear purpose to defend.  See <u>Benny v. Pipes</u>., 799 F.2d 489, 492 (9th Cir. 1986).  Accordingly, I find that Defendant Cappelli has waived the defense of lack of personal jurisdiction.

    **WHEREFORE,**

    **IT IS ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction, filed by Defendant Cappelli Industries, Ltd. **(Doc. 181)** is hereby DENIED.

_____
UNITED STATES MAGISTRATE JUDGE